UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS REYES,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, FCI MENDOTA,<br><br>        Respondent. | No. 1:22-cv-01392-HBK (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE |

      Petitioner, a federal prisoner incarcerated at FCI, Mendota, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on October 28, 2022 . (Doc. No. 1). A preliminary screening of the petition reveals that it should be dismissed for failure to state a claim. The Court will afford Petitioner an opportunity to file an amended petition to cure the deficiencies.

**DISCUSSION**

**A. Preliminary Review of Petition**

      Rule 4 of the Rules Governing § 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Initially, the Court notes the Petition is not on the approved form.  Therefore, it lacks critical information.  Rule 2(d) requires that a petition "substantially follow either the form appended to [the] rules or a form prescribed by a local district-court rule."  The Court finds the use of the approved form to be more efficient.

To the extent discernable, Petitioner asserts that he is actually innocent of the conviction entered by the United States District Court in the Sothern District of Texas for violating § 1326(a) and (b). (*See generally* Doc. No. 1 at 1-2).  However, the Petition is deficient in facts concerning his conviction, the sentence he received, or when he expects to be released.  (*See id.* (noting only

that the "District of Texas, Galveston, 5th Cir. imposed [sic] sentence for the offense § 1326 unlawfully entered, attempted to enter, and/or found in the United States.")). Moreover, the Petition provides no information about any prior relief he has sought, such as any appeals he has filed or any motions or petitions for collateral relief, whether in the court of conviction or court of custody. Without this information, the Court cannot determine whether it has jurisdiction, under which code section it has jurisdiction, whether the petition states a cognizable claim; or whether Petitioner satisfies the savings clause as set forth in 28 U.S.C. § 2255.

Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies if he is able. The Court recommends use the approved form for this purpose. Petitioner is advised that he should caption his pleading, "First Amended Petition" and should include the instant case number. Failure to comply with this order will result in dismissal of the action.

ACCORDINGLY, it is **ORDERED**:

1. The Petition (Doc. No. 1) is DISMISSED with leave to amend.
2. Petitioner is GRANTED **thirty days (30)** from the date of service of this Order in which to file a First Amended Petition.
3. The Clerk of Court shall provide Petitioner with a habeas corpus § 2241 form with this Order for Petitioner's use in preparing his First Amended Petition.
4. If Petitioner fails to timely file a First Amended Petition the undersigned will recommend the Court dismiss the petition for the reasons set forth here and/or for Petitioner's failure to prosecute this action.

Dated:  December 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE