UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS REYES,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, FCI Mendota,<br><br>        Respondent. | Case No. 1:22-cv-01392-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 3) |

      Petitioner, Carlos Reyes ("Petitioner"), a federal prisoner proceeding pro se, has pending an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 3, "Amended Petition").[1] This matter is before the Court for preliminary review. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4,[2] a district court must dismiss a habeas petition if it

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

"plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The Court, having screened the Amended Petition, finds no response is required from Respondent. Instead, the undersigned RECOMMENDS the Amended Petition be dismissed sua sponte for lack of jurisdiction.

## I. BACKGROUND

Petitioner, a federal prisoner, was sentenced to 78 months of imprisonment by the U.S. District Court for the Southern District of Texas ("SDTX") for his plea-based conviction for illegal reentry in violation of 8 U.S.C. § 1326(a).[3] *See* Case No. 3:21-cr-00017-1, Crim. Doc. Nos. 28.[4] Petitioner appealed to the Fifth Circuit Court of Appeals on January 3, 2022, and the appeal was summarily dismissed as frivolous. Crim. Doc. No. 40. On December 9, 2022, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 in the SDTX court of conviction, and that motion remains pending. *See* Crim. Doc. No. 42-43.

On October 28, 2022, Petitioner filed a petition for writ of habeas corpus under § 2241 with this Court. (Doc. No. 1). Upon screening, the undersigned found the initial petition deficient and granted Petitioner leave to file an amended petition to cure the deficiencies in his initial petition. (Doc. No. 3). In compliance, Petitioner filed an Amended Petition on January 3, 2023. (Doc. No. 6). The Amended Petition raises a single ground for relief: Petitioner is actually innocent of his conviction under § 1326 because "§ 1326 violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977)." (Doc. No. 3 at 2).

## II. APPLICABLE LAW AND ANALYSIS

Although brought under the guise of § 2241, Petitioner challenges the legality of his

---

[3] The Court notes that Petitioner's name is identified as "Carlos Arnoldo Reyes" in his SDTX criminal case. *See generally* Case No. 3:21-cr-00017-1. However, despite the omission of the middle name in the spelling of Petitioner's name in the instant case, all other identifying information, including the conviction and sentence identified in his Amended Petition, are identical. (*See* Doc. No. 3).

[4] The undersigned cites to the record in Petitioner's underlying SDTX criminal case as "Crim. Doc. No. _."

1 original conviction, which is properly brought via a direct appeal or via a § 2255 petition in the
2 SDTX court of conviction.  A § 2241 petition is reserved for federal prisoners challenging "the
3 manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952,
4 956 (9th Cir. 2008).  Federal prisoners seeking to challenge the legality of their confinement must
5 do so through a § 2255 motion.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  In
6 limited circumstances, federal prisoners may challenge the legality of their confinement through a
7 § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of §
8 2255(e).  *Id*. at 1192.  This portal permits a federal prisoner to challenge the legality of
9 confinement if he can establish that the remedy provided under § 2255 is "inadequate or
10 ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  To demonstrate a remedy is
11 "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) not
12 had an "unobstructed procedural shot at presenting that claim." *Shepherd v. Unknown Party,*
13 *Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021).  A prisoner cannot circumvent the
14 limitations imposed on successive petitions by restyling his petition as one under § 2241.
15 *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th
16 Cir. 1999) (per curiam) (petitioner attempted to circumvent AEDPA's successive motion
17 provisions by bringing § 2255 claims in a § 2241 petition).

18       The Ninth Circuit has adopted the *Bousley* standard for claims of actual innocence brought
19 under § 2255 escape hatch provision that requires a petitioner to "demonstrate that, in light of all
20 the evidence, it is more likely than not that no reasonable juror would have convicted him."
21 *Stephens v. Herrera*, 464 F.3d at 898 (citing *Bousley v. United States*, 523 U.S. 614 (1998)).
22 Actual innocence means factual innocence, not mere legal insufficiency.  *See Bousley*, 523 at 623.
23 Here, Petitioner makes no claim of being factually innocent of illegal reentry in violation of 8
24 U.S.C. § 1326(a).  (*See generally* Doc. No. 3).  Instead, he takes issue with § 1326 itself, and
25 argues it is being applied discriminatorily in violation of his equal protection rights pursuant to
26 the Supreme Court's decision in *Village of Arlington Heights v. Metropolitan Housing*
27 *Development Corp*., 429 U.S. 252 (1977).  (*Id*.).  Thus, Petitioner fails to make a claim of actual
28 innocence as required to qualify for the escape hatch provision of § 2255.

Further, whether a petitioner has not had an "unobstructed procedural shot" at raising his habeas claims, requires the court to consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)).  In the instant case, Petitioner's first § 2255 motion to vacate is pending in the SDTX. Thus, Petitioner cannot make the necessary showing that he has not had an unobstructed procedural shot at raising his habeas claims. *See Swan v. United States of America*, 2021 WL 2987149 at *3 (C.D. Cal. Jul. 15, 2021) ("Petitioner cannot show that he lacked an unobstructed procedural shot at presenting his claims because all of the claims in the Petition were or could have been raised in the 2255 motion, which is still pending.")

Finally, "[e]ven if Petitioner satisfied the savings clause and the Court could entertain his petition, the claims are meritless.  Courts in this circuit have repeatedly rejected the argument that § 1326 is presumptively unconstitutional because it was enacted with a discriminatory purpose and has a disparate impact." *Vera Martinez v. Warden, FCI-Mendota*, 2022 WL 17821361 at *3 (E.D. Cal. Dec. 20, 2022) (collecting cases).

Based on the foregoing and controlling precedent, Petitioner fails to satisfy the escape hatch criteria of § 2255.  Therefore, this Court lacks jurisdiction over the § 2241 Amended Petition.  Because Petitioner's § 2255 motion to vacate remains pending in his court of conviction, it would be futile to transfer the petition to the SDTX for consideration as a § 2255 motion as it would be subject to dismissal.  The undersigned recommends that the Amended Petition be dismissed for lack of jurisdiction.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. The Amended Petition (Doc. No. 3) be DISMISSED for lack of jurisdiction.
2. The Clerk of Court be directed to terminate any pending motions/deadlines and close

this case.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    January 9, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE